UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| JESUS EDUARDO CANO-SIDA,<br><br>*Petitioner*,<br><br>v.<br><br>JOEL GARCIA, FIELD OFFICE DIRECTOR OF THE ICE EL PASO FIELD OFFICE OF ENFORCEMENT AND REMOVAL OPERATIONS, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; U.S. DEPARTMENT OF HOMELAND SECURITY; TODD LYONS, ACTING DIRECTOR, IMMIGRATION AND CUSTOMS ENFORCEMENT, U.S. DEPARTMENT OF HOMELAND SECURITY; KRISTI NOEM, SECRETARY, U.S. DEPARTMENT OF HOMELAND SECURITY; and PAM BONDI, ATTORNEY GENERAL OF THE UNITED STATES,<br><br>*Respondents*. | No. 3:25-CV-00726-LS |

**ORDER GRANTING MOTION FOR TEMPORARY RESTRAINING ORDER IN PART**

Petitioner Jesus Eduardo Cano-Sida filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241.[1] He also filed a motion for a temporary restraining order.[2] For the following reasons, the Court grants Petitioner's motion for a temporary restraining order in part.

**I.     LEGAL STANDARD.**

The elements required to grant a motion for injunctive relief are:

(1) there is a substantial likelihood that the movant will prevail on the merits; (2) there is a substantial threat that irreparable harm will result if the injunction is not

---

[1] ECF No. 1.
[2] ECF No. 2.

granted; (3) the threatened injury outweighs the threatened harm to the defendant; and (4) the granting of the preliminary injunction will not disserve the public interest.[3]

When the government is the opposing party, the third and fourth elements merge.[4] The district court has discretion as to whether to grant or deny injunctive relief.[5]

## II.   ANALYSIS.

"The purpose of a preliminary injunction [or temporary restraining order] is not to give the plaintiff the ultimate relief it seeks."[6] Instead, it "is to preserve the *status quo* and prevent irreparable injury until the court renders a decision the merits."[7] Therefore, the Court will preserve the status quo and will not order Petitioner released from custody at this time. However, the Court must also take into consideration whether "irreparable harm can result" before a decision on the merits.[8] Therefore, the Court will prevent Petitioner's transfer outside of the Western District of Texas and his removal from the United States.

The Court concludes that Petitioner has a substantial likelihood of success on the merits in his case. Petitioner is a Deferred Action for Childhood Arrivals ("DACA") recipient, and his most recent DACA application was approved by United States Citizenship and Immigration Services on September 23, 2025.[9] In addition to being a DACA recipient, Petitioner also has a pending U-visa application, which grants him deferred action status.[10] He has not received any notice of an intent to terminate or revoke his protections.[11] Petitioner represents that his only criminal arrest,

---

[3] *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987).
[4] *Texas v. U.S. Dep't of Homeland Sec.*, 700 F. Supp. 3d 539, 544 (W.D. Tex. 2023) (quoting *Nken v. Holder*, 556 U.S. 418, 435–36 (2009)).
[5] *Apple Barrel Prods., Inc. v. Beard*, 730 F.2d 384, 386 (5th Cir. 1984).
[6] *WarnerVision Ent. Inc. v. Empire of Carolina, Inc.*, 101 F.3d 259, 261 (2d Cir. 1996).
[7] *Sambrano v. United Airlines, Inc.*, No. 21-11159, 2022 WL 486610, at *4 (5th Cir. 2022).
[8] *Meis v. Sanitas Serv. Corp.*, 511 F.2d 655, 659 (5th Cir. 1975).
[9] ECF No. 1 at 17.
[10] *Id.* at 16.
[11] *Id.* at 17.

for public affray, was dismissed.[12] Other than that, he received a citation for possession of marijuana and drug paraphernalia, which was dismissed without prejudice.[13] As Petitioner has not been convicted of either of these offenses, his criminal history likely does not disqualify him from continuing under DACA under 8 C.F.R. § 236.22(b)(6). Regardless, ICE has charged Petitioner with remaining in the United States for a period longer than permitted.[14] However, Petitioner's DACA status means that he is considered lawfully present in the United States, and ICE is unlikely to be able to remove him.[15]

With respect to the other elements, Petitioner clearly faces the threat of irreparable harm if he is wrongfully removed from this country. Petitioner's continued presence in the Western District of Texas will not cause any threatened injury to the Government. And, lastly, "[t]here is generally no public interest in the perpetuation of unlawful agency action."[16]

### III. CONCLUSION.

For the foregoing reasons, the Court grants in part and denies in part Petitioner's motion for a temporary restraining order [ECF No. 2].

Petitioner's request for immediate release is **DENIED**. However, pending a hearing on the matter, it is further ordered that Respondents are **ENJOINED** from (1) removing or deporting Mr. Cano-Sida from the United States or (2) transferring him to any facility outside of the boundaries of the Western District of Texas. Unless otherwise ordered, this Temporary Restraining Order expires at **11:59 p.m. on January 20, 2026**. To the extent that a bond may be required under Federal Rule of Civil Procedure 65(c), the Court waives this requirement.

---

[12] ECF No. 2 at 3.
[13] *Id.*
[14] *Id.*
[15] 8 C.F.R. § 236.21(c)(3).
[16] *Louisiana v. Biden*, 55 F.4th 1017, 1035 (5th Cir. 2022) (quoting *State v. Biden*, 10 F.4th 538, 560 (5th Cir. 2021)).

A hearing on this matter will be scheduled forthwith.

**SO ORDERED**.

**SIGNED** and **ENTERED** on January 7, 2026.

                                            **LEON SCHYDLOWER**
                                            **UNITED STATES DISTRICT JUDGE**